United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Haines C. Brown, IV  
Karyn P. Brown  
    Debtors

Case No. 19-16896-pmm  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-4    User: Antoinett    Page 1 of 1    Date Rcvd: Aug 24, 2020  
                    Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 26, 2020.  
db/jdb       +Haines C. Brown, IV,    Karyn P. Brown,    9 Fairway Drive,    Bernville, PA 19506-9521

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                                      TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 26, 2020                                                Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 24, 2020 at the address(es) listed below:

          DENISE ELIZABETH CARLON    on behalf of Creditor    PENNYMAC LOAN SERVICES, LLC  
           bkgroup@kmllawgroup.com  
          JOHN A. DIGIAMBERARDINO    on behalf of Debtor Haines C. Brown, IV jad@cdllawoffice.com,  
           dmk@cdllawoffice.com  
          JOHN A. DIGIAMBERARDINO    on behalf of Joint Debtor Karyn P. Brown jad@cdllawoffice.com,  
           dmk@cdllawoffice.com  
          REBECCA ANN SOLARZ    on behalf of Creditor    PENNYMAC LOAN SERVICES, LLC bkgroup@kmllawgroup.com  
          SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com  
          SCOTT F. WATERMAN (Chapter 13)    on behalf of Trustee SCOTT F. WATERMAN (Chapter 13)  
           ECFMail@ReadingCh13.com  
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
          WILLIAM EDWARD CRAIG    on behalf of Creditor    Nissan Motor Acceptance Corporation, Servicer for  
           Nissan-Infiniti LT ecfmail@mortoncraig.com,   mhazlett@mortoncraig.com;mortoncraigecf@gmail.com  
                                                                                                                                TOTAL: 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Haines C. Brown IV<br>Karyn P. Brown<br>                  Debtors | CHAPTER 13 |
| PENNYMAC LOAN SERVICES, LLC<br>                  Movant<br>vs. | NO. 19-16896 PMM |
| Haines C. Brown IV<br>Karyn P. Brown<br>                  Debtors | 11 U.S.C. Section 362 |
| Scott F. Waterman, Esquire<br>                  Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$16,854.84,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | December 2019 to July 2020 at $1,977.98/month |
| Late Charges: | $1,031.00 |
| **Total Post-Petition Arrears** | **$16,854.84** |

2. The Debtor(s) shall cure said arrearages through a loan modification within the following schedule:

    a) Debtor shall obtain a trial modification by September 1, 2020

    b) Debtor shall obtain a permanent modification by December 31, 2020

3. Additionally, beginning on August 1, 2020, Debtor shall also make regular post-petition payments on the first (1st) of each month in accordance with the terms of the note and mortgage while the loan modification application is pending.

4. If a timely trial modification is obtained, Debtor shall then continue to make regular trial modification payment followed by regular permanent modification payments thereafter, both as directed within the modification documents.

5. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

6. In the event any of the events listed within Section 2 are not completed within the listed deadline, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may amend her Chapter 13 Plan to provide for payment of Movant's arrears within Section 4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7. In the event any of the payment listed under either Section 3 or 4 are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

8. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

10. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

11. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

12. The parties agree that a facsimile signature shall be considered an original signature.

Date:  July 29, 2020                By: /s/ Rebecca A. Solarz, Esquire
                                    Attorney for Movant

Date:  8/10/20

                                    John A. DiGiamberardino, Esquire
                                    Attorney for Debtor

Date: 8/13/2020

*Rolando Ramos for*
Scott F. Waterman, Esquire
Chapter 13 Trustee

Approved by the Court this 24th day of August, 2020. However, the court retains discretion regarding entry of any further order

*Patricia M. Mayer*

Bankruptcy Judge
Patricia M. Mayer, Esquire